IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID D. EBBEN,

                          Plaintiff,                          OPINION AND ORDER

    v.

                                                              25-cv-247-wmc

KEN LOBENSTEIN, B. MULLER,
and L. WASHETAS,

                          Defendants.

---

      Plaintiff David D. Ebben, who is representing himself, has filed a complaint under 42 U.S.C. § 1983, alleging that defendants Ken Lobenstein, B. Muller, and L. Washetas violated his rights while he was incarcerated by the Wisconsin Department of Corrections ("DOC"). Because plaintiff filed this case as a prisoner and proceeds without prepayment of the filing fee, the court must screen the complaint and dismiss any claim that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).  When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).  However, plaintiff must still allege enough facts to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  Because the pleadings are insufficient to state a claim, the court will dismiss the complaint without prejudice and give plaintiff an opportunity to amend to correct the deficiencies described below.

ALLEGATIONS OF FACT[1]

At all times relevant to the complaint, plaintiff David D. Ebbens was incarcerated by DOC at the New Lisbon Correctional Institution ("NLCI"), where defendant Ken Lobenstein worked as a unit manager, defendant B. Muller worked as an Inmate Complaint Examiner ("ICE"), and defendant L. Washetas worked in the business office.

Plaintiff alleges that he requested a staff assisted phone call for the purpose of contacting a "24-hour Drug Treatment Company," as directed by the court, but defendant Lobenstein refused that request. Plaintiff filed a grievance about the incident, but defendant Muller "violated his rights by failing to look into the issue properly."

Plaintiff claims further that defendant Washetas "continuously impeded" his efforts to obtain a legal loan to litigate several cases. Plaintiff alleges that DOC prisoners are required to work for at least six months before they can be approved for a legal loan. Plaintiff, who suffers from insomnia, was unable to hold his assigned job in the main kitchen at NLCI because he did not have an alarm clock and could not wake up at 4:30 a.m. as required by the job. He states that Washetas refused to waive the work requirement or approve him for a legal loan. As a result, several of his cases were dismissed.

OPINION

Plaintiff has filed this suit under 42 U.S.C. § 1983, alleging that the defendants violated his rights. To state a claim for relief under § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever

---

[1] The facts in this section are taken from the plaintiff's complaint. (Dkt. #1.) In addressing any *pro se* litigant's complaint, the court must read the allegations generously, drawing all reasonable inferences and resolving ambiguities in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Plaintiff's primary claim appears to be that defendants Lobenstein and Washetas interfered with his right to access the courts. To state a claim of denial of access to the courts, a plaintiff must allege that "he was, or is, suffering an 'actual injury' by being 'frustrated' or 'impeded' in bringing a non-frivolous claim regarding his criminal conviction, sentence or conditions of confinement." *DeBauche v. Wis. Dep't of Corr.*, No. 17-cv-454-wmc, 2021 WL 2860983, at *3 (W.D. Wis. July 8, 2021) (citing *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996)). Moreover, the injury must be a specific hinderance related to a lawsuit. *Owens v. Evans*, 878 F.3d 559, 565 (7th Cir. 2017). Speculative, future harm is not sufficient. *Marshall v. Knight*, 445 F.3d 965, 969-70 (7th Cir. 2006). A plaintiff must connect the defendants' conduct with his "inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted). This requires plaintiff to identify the underlying claim that was lost. *See Christopher v. Harbury*, 536 U.S. 403, 416 (2002); *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007). Plaintiff does not allege that he suffered *any* harm as the result of Lobenstein's actions. Although plaintiff alleges that cases were dismissed as a result of being denied a legal loan by defendant Washetas, he does not identify any particular case or describe the claims and parties. As a result, his allegations are insufficient to state an access-to-courts claim.

Plaintiff's allegation that defendant Muller failed to adequately investigate his grievances does not state an actionable claim under § 1983 because the Constitution does not require officials to investigate or otherwise correct wrongdoing after it has happened. *Whitlock*

*v. Brueggemann*, 682 F.3d 567, 588-89 (7th Cir. 2012); *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). Accordingly, the court will not grant plaintiff leave to proceed with claims against Muller.

Because plaintiff has failed to articulate a viable claim, the court will dismiss the complaint without prejudice and give plaintiff a brief window of time to file an amended complaint, if he wishes to do so. If he submits a proposed amended complaint by the deadline set forth below, the court will screen it under 28 U.S.C. § 1915(e)(2).

## ORDER

IT IS ORDERED that:

1. Plaintiff David D. Ebben is DENIED leave to proceed, and his complaint (dkt. #1) is DISMISSED without prejudice for failure to state a claim, as set forth above.

2. Plaintiff has until January 9, 2026, to file an amended complaint that corrects the above-referenced deficiencies. If plaintiff does not file an amended complaint before that date, this case will be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

3. Plaintiff's motion for a status report (dkt. #16) is DENIED as moot.

Entered this 9th day of December, 2025.

                                                    BY THE COURT:

                                                    /s/

                                                    _____

                                                    WILLIAM M. CONLEY
                                                    District Judge