IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID D. EBBEN,

                              Plaintiff,                         OPINION AND ORDER

     v.

                                                    25-cv-247-wmc

L. WASHETAS,

                              Defendant.

---

Plaintiff David D. Ebben, who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that several prison officials violated his rights while he was incarcerated by the Wisconsin Department of Corrections ("DOC"). The court dismissed plaintiff's original complaint for failure to state a claim, but with leave to amend. (Dkt. #18.)

Plaintiff has now filed an amended complaint against one of the original defendants. (Dkt. #22.) Because plaintiff filed this case as a prisoner and proceeds without prepayment of the filing fee, the court must screen the complaint and dismiss any claim that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). However, plaintiff must still allege enough facts to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Even under this lenient standard,

plaintiff's amended complaint still fails to state a claim and will be dismissed for reasons set forth below.

ALLEGATIONS OF FACT[1]

Plaintiff David D. Ebbens alleges that defendant L. Washetas, who is employed in the business office at the New Lisbon Correctional Institution ("NLCI"), violated his constitutional rights by failing or refusing to process his request for an "inmate legal loan" to pay the filing fee for a case that he filed in Winnebago County Circuit Court Case No. 2022FA247.  Plaintiff claims that the case was dismissed for his failure to pay the filing fee and that he lost the opportunity to pursue his claims as a result.  He provides no other details.

OPINION

Plaintiff claims that defendant Washetas interfered with his right to access the courts.  As explained to plaintiff previously (dkt. #18), to state such a claim a plaintiff must allege that "he was, or is, suffering an 'actual injury' by being 'frustrated' or 'impeded' in bringing a non-frivolous claim regarding his criminal conviction, sentence or conditions of confinement." *DeBauche v. Wis. Dep't of Corr.*, No. 17-cv-454-wmc, 2021 WL 2860983, at *3 (W.D. Wis. July 8, 2021) (citing *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996)).  In other words, a plaintiff must connect the defendant's conduct with his "inability to pursue

---

[1] The facts in this section are taken from plaintiff's amended complaint, which supersedes his previous complaint.  *See Chasensky v. Walker*, 740 F.3d 1088, 1094 (7th Cir. 2014) ("When a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward . . . [b]ecause a plaintiff's new complaint wipes away prior pleadings[.]") (citations omitted).

a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted).  This requires a plaintiff to identify the underlying claim that was lost.  *Christopher v. Harbury*, 536 U.S. 403, 416 (2002); *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007).

Court records show that Winnebago County Circuit Court Case No. 2022FA000274 was a divorce proceeding filed against plaintiff by his now ex-wife.[2] Because that proceeding did not concern his criminal conviction, sentence, or conditions of confinement, it is not protected by the right to access the courts.  *See Lewis*, 518 U.S. at 355.  Moreover, court records reflect that the proceeding was *not* dismissed for nonpayment of the filing fee.  Plaintiff does not otherwise identify a non-frivolous claim that he was prevented from making as the result of defendant's actions.  *See Christopher*, 536 U.S. at 416 (plaintiff must "describe [ the underlying claim] well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope").

Accordingly, plaintiff's amended complaint fails to state a claim upon which relief may be granted.  The court is dismissing this action, without leave to amend, since any amended pleading would be futile.  *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("courts have broad discretion to deny leave to amend where . . . the amendment would be futile").

---

[2] Courts may take judicial notice of the state court records.  *See Patrick v. City of Chicago*, 81 F.4th 730, 734 n.2 (7th Cir. 2023) (state court proceedings are a proper subject of judicial notice).

ORDER

IT IS ORDERED that:

1.  Plaintiff David D. Ebben is DENIED leave to proceed with his second amended complaint (dkt. #22) and this action is DISMISSED with prejudice for failure to state a claim.

2.  The clerk's office is directed to enter a "strike" for purposes of 28 U.S.C. § 1915(g) and to close this case.

Entered this 8th day of June, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge